VERIZON NEW YORK INC., Long Island Lighting Company, aka Lipa, Plaintiffs–Counter–Defendants–Appellees,

East End Eruv Association, Inc., Marvin Tenzer, Morris Tuchman, Clinton Greenbaum, Alan H. Schechter, Carol Schechter, Plaintiffs–Appellees,

v.

JEWISH PEOPLE FOR the BETTERMENT OF WESTHAMPTON BEACH, Movant–Appellant,

Village of Westhampton Beach, Conrad Teller, individually and in his official capacity as Mayor of the Village of Westhampton Beach, Toni–Jo Birk, Leola Farrell, Joan S. Levan, Hank Tucker, each individually and in their official capacities as Trustees of the Village of Westhampton Beach, Village of Quogue, Peter Sartorius, individually and in his official capacity as Mayor of the Village of Quogue, Randy Cardo, Jeanette Obser, Kimberley Payne, Ted Necarsulmer, each individually and in their official capacities as Trustees of the Village of Quogue, Town of Southampton, Anna Throne–Holst, individually and in her official

capacity as Supervisor of the Town of Southampton, Nancy S. Graboski, Christopher R. Nuzzi, James W. Malone, Bridget Fleming, each individually and in their official capacities as members of the Town Council of the Town of Southampton, Toni–Jo Birk, Leola Farrell, Joan S. Levan, Hank Tucker, each individually and in their official capacities as Trustees of the Village of Westhampton Beach, Village of Quogue, Peter Sartorius, individually and in his official capacity as Mayor of the Village of Quogue, Randy Cardo, Jeanette Obser, Kimberley Payne, Ted Necarsulmer, each individually and in their official capacities as Trustees of the Village of Quogue, Town of Southampton, Anna Throne–Holst, individually and in her official capacity as Supervisor of the Town of Southampton, Nancy S. Graboski, Christopher R. Nuzzi, James W. Malone, Bridget Fleming, each individually and in their official capacities as members of the Town Council of the Town of Southampton, Village of Quogue, Peter Sartorius, individually and in his official capacity as Mayor of the Village of Quogue, Randy Cardo, Jeanette Obser, Kimberley Payne, Ted Necarsulmer, each individually and in their official capacities as Trustees of the Village of Quogue, Town of Southampton, Anna Throne–Holst, and in her official capacity as Supervisor of the Town of Southampton, Nancy S. Graboski, Christopher R. Nuzzi, James W. Malone, Bridget Fleming, each individually and in their official capacities as members of the Town Council of the Town of Southampton, Defendants.*

* The Clerk of the Court is directed to amend the official caption as set forth above.

Nos. 13–1401, 13–1417.

United States Court of Appeals, Second Circuit.

March 3, 2014.

Jonathan Sinnreich (Timothy F. Hill, on the brief) Sinnreich Kosakoff & Messina LLP, Central Islip, NY, for Appellant.

Erica S. Weisgerber, Debevoise & Plimpton LLP, New York, NY, (Michael E. Wiles, Debevoise & Plimpton LLP, New York, NY, Zachary Murdock, Lazer Aptheker Rosella & Yedid PC, Melville, NY, on the brief), for Appellees Verizon New York Inc., et al.

Yehudah L. Buchweitz (Robert G. Sugarman, on the brief), Weil Gotshal & Manges LLP, New York, NY, for Appellees East End Eruv Association, et al.

PRESENT: RICHARD C. WESLEY, CHRISTOPHER F. DRONEY, Circuit Judges, RONNIE ABRAMS, Judge.**

### SUMMARY ORDER

Movant, Jewish People for the Betterment of Westhampton Beach, (a.k.a. Jewish People Opposed to the Eruv, hereinafter "JPOE") appeals from an order denying its motion to intervene in two separate suits in the United States District Court for the Eastern District of New York.

** Judge Ronnie Abrams, of the United States District Court for the Southern District of New York, sitting by designation.

The East End Eruv Association ("EEEA") seeks to build an "eruv," a symbolic Jewish enclosure, in several Long Island communities. To this end, EEEA contracted with Verizon New York, Inc., the local phone company, and Long Island Power Authority ("LIPA"), the local power company, for the right to use their utility poles and public rights of way in the erection of the eruv. Several municipalities in which the eruv is to be located then threatened action against Verizon and LIPA pursuant to various local ordinances.

Subsequently, EEEA sued the municipalities alleging, *inter alia*, that their attempt to block the eruv violated the Free Exercise Clause. Verizon and LIPA also sued the municipalities seeking a declaratory judgment resolving their conflicting obligations to the municipalities and EEEA. The municipalities answered, and have argued that the enforcement of their ordinances does not violate EEEA's Free Exercise rights, but that the eruv's presence on public rights of way would violate the Establishment Clause. JPOE has now moved to intervene as a defendant in both actions, seeking to assert the same Establishment Clause argument. Following briefing and a short oral hearing, the district court denied JPOE's motion from the bench and confirmed its ruling in a docket entry. JPOE now appeals this order.

The record makes clear several reasons for the district court's ruling. We are free to affirm based on any of these. *See Beal v. Stern*, 184 F.3d 117, 122 (2d Cir.1999). Among these justifications for the denial of JPOE's motion is that JPOE and the municipal defendants make the same arguments and have the same objective. "Where there is an identity of interest, as here, [between a current party to the litigation and the intervenor] the [intervenor] must rebut the presumption of adequate representation by the party already in the action." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179–80 (2d Cir.2001). Since JPOE has failed to show why the municipal defendants do not adequately represent any interest it may have in the case, we affirm.

For the reasons stated above, the order of the district court is **AFFIRMED** with costs to all appellees.